**RAILWAY LABOR EXECUTIVES'
ASSOCIATION, Plaintiff,**

v.

**CONSOLIDATED RAIL
CORPORATION,
Defendant.**

**Civ. A. No. 83–3018.**

United States District Court,
District of Columbia.

Feb. 24, 1984.

Peter F. Gold and John L. Sachs, Well-ford, Wegman, Krulwich, Gold & Hoff, Washington, D.C., for plaintiff.

Arthur W. Adelberg, Pepper, Hamilton & Scheetz, Washington, D.C., Laurence Z. Shiekman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant; John W. Rowe, Consol. Rail Corp., Philadelphia, Pa., of counsel.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

In this Freedom of Information Act[1] (FOIA) case, plaintiff, the Railway Labor Executives' Association, seeks to compel defendant, the Consolidated Rail Corporation (Conrail), to produce for inspection documents pertaining to wage increase deferrals entered into by Conrail employees in 1981. Defendant has moved to dismiss this action on the ground that Conrail is not an agency as defined in 5 U.S.C. § 552(e) and that its records are therefore not subject to the disclosure requirements of the FOIA. For the reasons set forth below the Court concludes that Conrail is not an agency under § 552(e) and that defendant's motion should be granted.

Conrail was created by Congress in the Regional Rail Reorganization Act of 1973, 45 U.S.C. § 741, and chartered as a private corporation in the State of Pennsylvania in 1975. Utilizing the assets of seven bankrupt railroads from which it had been created, and relying largely on federal investment and loans, Conrail began operating in 1976, providing commuter and freight rail service in the Northeast and Midwest. From 1976 until the present, Conrail has

1. 5 U.S.C. § 552 (1976).

been operating with increasing financial assistance from the federal government and has been subject to extensive government auditing and a degree of government control over its operations.[2] Currently, the federal government owns 85% of Conrail's common stock, and all of its Series A and B preferred stock and debentures. Although the original Congressional intent for Conrail to become a self sustaining corporation[3] has not been fulfilled, Congress has restated this objective and implemented new procedures for achieving it. Northeast Rail Service Act, 45 U.S.C. § 761 *et seq.* and 45 U.S.C. §§ 1102, 1103.

Plaintiff claims that the federal government's role as an overseer of Conrail's operations and its substantial financial involvement with Conrail render Conrail an agency subject to the FOIA as either a "Government corporation" or a "Government controlled corporation" as defined in 5 U.S.C. § 552(e). The definition of agency in § 552(e) includes "any executive department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(e). The legislative history of this section states that this definition was intended to include "those entities ... which perform governmental functions and control information of interest to the public." H.R.Rep. No. 93–876, 93d Cong., 2d Sess. 8 (1974), U.S.Code Cong. & Admin.News 1974, 6267, 6274.

Conrail does not perform any governmental functions. Providing commuter and freight rail service has traditionally been a function carried out by private industry and remains so today. The stated intention of Congress for Conrail to perform this function not as a governmental agency, but as a private corporation is clear: "The corporation shall be a for-profit corporation established under the laws of a State, and shall not be deemed an agency or instrumentality of the Federal Government." 45 U.S.C. § 741(b).

Because it explicitly addresses the issue at hand, this strong statement of legislative intent is controlling, and Conrail cannot be considered an agency of the federal government under the FOIA.[4] However, even if the Court were to look beyond this statement and analyze Conrail within the framework that other courts have used in determining "agency" status for the FOIA, the same conclusion would be reached.

Courts making this analysis have not developed a specific standard by which each entity can be judged. Rather, the diverse array of organizational arrangements that exist for the performance of government functions requires that "each arrangement must be examined anew and in its own context." *Public Citizen Health Research Group v. HEW*, 668 F.2d 537, 542 (D.C.Cir. 1981) (quoting *Washington Research Project, Inc. v. HEW*, 504 F.2d 238, 246 (D.C.Cir.1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975)). All relevant factors are to be considered cumulatively, with no single factor being essential or conclusive. *Public Citizen Health Research Group*, 668 F.2d at 542–44; *Rocap v. Indiek*, 539 F.2d 174, 180–81 (D.C.Cir.1976).

The following factors are among those most often cited in this analysis: The performance of governmental functions by the entity, the presence of substantial government control over the entity's day to day operations, authority of the entity to make and implement decisions, the nature of the

---

**2.** *See* United States Railway Association (USRA) Annual Reports 1978–79, Amended and Restated Financing Agreement Between USRA and Conrail (May 10, 1979), and 45 U.S.C. § 747.

**3.** 45 U.S.C. § 741.

**4.** Congress also stated its intention for Amtrak, which is subject to the FOIA, not to be considered a government agency. 45 U.S.C. § 541.

However, Congress made a specific exception to this decree when it listed Amtrak as a "Government controlled corporation" under § 552(e). H.R.Rep. No. 876, 93d Cong., 2d Sess. 8 (1974). No such exception was made in Conrail's case, so it must be assumed that the legislative intent evidenced in 45 U.S.C. § 741(b) has not changed.

government's financial involvement with the entity, the existence of a federal charter, and the status of the entity's employees. *See, e.g., Forsham v. Harris,* 445 U.S. 169, 180, 100 S.Ct. 977, 984, 63 L.Ed.2d 293 (1980); *Public Citizen Health,* 668 F.2d at 541–544, *Rocap,* 539 F.2d at 177–180; *Lombardo v. Handler,* 397 F.Supp. 792, 802 (D.D.C.1975).

Most of these can be dealt with summarily in Conrail's case. It has already been shown that Conrail does not perform governmental functions. Conrail also lacks a federal charter and does not have "authority in law to make decisions" as traditional government agencies do. *See Public Citizens Health,* 668 F.2d at 541. Moreover, its employees are not government employees subject to civil service regulations. *See Rocap,* 539 F.Supp. at 180.

Plaintiff contends that the nature and degree of the government's involvement with Conrail render Conrail a government agency. However, the government's financial involvement, while clearly substantial, is of a temporary nature and is subject to repayment. Government financing of Conrail has been almost entirely in the form of loans and investments in Conrail stock. Interest is paid on this debt, and Congress has stated that it intends to be repaid. 45 U.S.C. § 721(f). It is also the stated intention of Congress to divest itself of its financial interest in Conrail and recoup its investment in the near future. 45 U.S.C. § 761 *et seq.*

Because the government's financial interest in this case is temporary and subject to repayment, it cannot be considered in the same light as other cases involving federal grants. *See Public Citizens Health,* 668 F.2d 537; *Washington Research Project, Inc. v. HEW,* 164 U.S.App.D.C. 169, 504 F.2d 238 (1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975). Even if the government's funding of Conrail were in the form of federal grants, however, this still would not render Conrail an agency under the FOIA absent "extensive, detailed, and virtually day-to-day supervi-

sion" by the government. *Forsham v. Harris,* 445 U.S. at 180, 100 S.Ct. at 984; *Public Citizens Health,* 668 F.2d at 544.

The detailed auditing and reporting requirements, and restrictions on certain corporate activities that plaintiff cites as examples of federal control of Conrail's operations do not constitute "extensive, detailed, and virtually day to day supervision."[5] Rather, they are a means for the government to protect its investment and its interest in seeing that Conrail becomes self sustaining, and are not unlike auditing requirements and restrictions imposed by major private lenders. These requirements can be analogized to the pervasive procedural requirements and controls imposed on a medical foundation in *Public Citizens Health Research Group,* where the court ruled that such requirements did not subject the foundation to the FOIA because they were only those controls necessary to assure that the foundation properly utilized government funds, and therefore did not constitute detailed day to day government supervision. 668 F.2d at 544. The same reasoning applies in this case as well, and leads to the conclusion that the government imposed auditing requirements and restrictions on a limited number of Conrail's corporate activities are not sufficient to constitute the type of federal control necessary to subject an entity to the FOIA.

In viewing all the relevant factors cumulatively, Conrail cannot be considered a federal agency subject to the FOIA. Not only did Congress clearly state its intention for Conrail not to be considered "an agency or instrumentality of the Federal Government," but Conrail lacks those attributes of agencies that have been considered significant in this analysis.

Accordingly, it is, this 23rd day of February, 1984

ORDERED that defendant's motion to dismiss shall be and hereby is granted and that this cause stands dismissed.

---

5. *See supra,* note 2.